

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-4079
Re: Whether the retention of a
son and a brother of a re-
cently appointed Commissioner
on the payroll of the Texas
Unemployment Compensation
Commission constitutes a vio-
lation of Nepotism law.

We received your letter dated November 20, 1941,
which is self explanatory and reads, in part, as follows:

"On July 1, 1934, Joseph B. McKinley was
employed by the Texas State Employment Service
as Assistant District Manager at El Paso, Texas.
At that time the Employment Service was not un-
der the 'merit system'. However, in August,
1935, Joseph B. McKinley took the Merit System
examinations - the Merit System having gone into
effect - and passed the manager's examination
with a standing of 58 of the Statewide register.
Mr. McKinley is now employed as the manager of
the Bryan office, has Merit System status, and
was duly employed as a result of the Merit System
which has been in operation with the Texas State
Employment Service since 1935.

"Robert J. McKinley was employed February 31,
1938, by the Texas Unemployment Compensation Com-
mission as junior clerk in the Employment Service
under the Merit System and has been certified by
the Merit System Supervisor as having such merit
status. He has been given a provisional promotion
and the retention of Robert J. McKinley as a junior

Honorable Claude A. Williams, Page 2

interviewer depends upon his success in competing in the recent examination for junior interviewer. Should he fail to make a sufficient grade to retain his provisional appointment, he would, nevertheless, be entitled to be retained as a junior clerk under the Merit System.

"Mr. Robert M. McKinley was appointed a member of the Texas Unemployment Compensation Commission to fill the unexpired term of Patrick D. Moreland, qualified and took the oath of office at three o'clock in the afternoon of October 31, 1941. Mr. Joseph B. McKinley is the brother of Mr. Robert M. McKinley, and Mr. Robert J. McKinley is the son of Mr. Robert M. McKinley.

"At the time Mr. Joseph B. McKinley and Mr. Robert J. McKinley were employed by this Commission, the Commission was composed of the following persons: Orville S. Carpenter, Chairman and Executive Director; Patrick D. Moreland and C. R. Miller, Commissioners."

Your question is:

Will the retention of Mr. Joseph B. McKinley and Mr. Robert J. McKinley in the employ of the Texas Unemployment Compensation Commission violate any of the provisions of the Nepotism law of this State?

Article 432, Vernon's Annotated Penal Code, commonly referred to as the "Nepotism law", provides as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any

such Board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

It is clear from the facts submitted that Mr. Joseph B. McKinley and Mr. Robert J. McKinley were both in the employ of the Texas State Employment Service several years prior to the appointment of Robert M. McKinley as a member of the Texas Unemployment Compensation Commission.

The employees of the Texas State Employment Service, including Mr. Joseph B. McKinley and Mr. Robert J. McKinley, hold their positions under a merit system known as "Merit System of Personnel Management". The creation of this Merit system was recognized by the 47th Legislature, Regular Session, in the Departmental Appropriation Bill, same being S. B. No. 423, at page 1284. We quote therefrom as follows:

"Employment Service Division

"(Out of General Revenue Fund)

"To be used to match Federal Funds allocated to the State of Texas under the Wagner-Peyser Act, for the payment of salaries and other necessary expenses in connection with the operation and maintenance of a State system of employment offices; salaries to be paid according to the classifications of the Social Security Board to employees selected and rated under the personnel plan in effect between the Social Security Board and the State Agency."

The merit system adopted by the Texas Unemployment Compensation Commission is in conformity with the regulations prescribed by the Social Security Board. The administration of said system is placed in the hands of a merit council which is composed of three members. Generally speaking, the merit council determines the eligibility of persons for jobs with the commission and has the final say in determining whether an employee may be dismissed.

Without going into the details of the merit system, it is sufficient to say that under said system, both, Mr.

Joseph B. McKinley and Mr. Robert J. McKinley, had earned the right or privilege to hold their respective positions in the Employment Service, by reason of taking examinations and seniority of service, long before Mr. Robert M. McKinley was appointed to the Commission.

When we examine Article 432, supra, we find the gist of the offense to be the appointing, voting for or confirming the appointment to any office or position, of any person related within a certain degree to the person so appointing, voting for or confirming the appointment.

We find no facts whatsoever to support the proposition that the Texas Unemployment Compensation Commission appointed or confirmed the appointment of Mr. Joseph B. McKinley or Mr. Robert J. McKinley on, or subsequent to, October 31, 1941, the date of the appointment of Mr. Robert M. McKinley to the Commission.

It is our opinion and you are so advised that under the existing facts the retention of Mr. Joseph B. McKinley and Mr. Robert J. McKinley in the employ of the Texas Unemployment Compensation Commission will not violate the nepotism law of this State, same being Article 432, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lee Shoptaw

Lee Shoptaw
Assistant

APPROVED DEC 8, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

LS:mp

